UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VENDRIX DESINOR,

                              Plaintiff,

        v.                                      9:15-CV-1200
                                                       (DNH/DEP)

STATE OF NEW YORK, SANTIAGO, (ICE) Immigration
Deportation Officer, Ulster Correctional Facility, COLON,
Correction Officer, Ulster Correctional Facility, HUTSICK,
Correction Officer, Ulster Correctional Facility, and
VLACCI, Correction Officer, Ulster Correctional Facility,

                              Defendants.

---

APPEARANCES:

VENDRIX DESINOR
Plaintiff, pro se
15-R-1858
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

       Plaintiff Vendrix Desinor ("Desinor" or "plaintiff") filed this action pro se, asserting claims for violations of his constitutional rights arising out of his confinement at Ulster Correctional Facility ("Ulster C.F."). Dkt. No. 1 ("Compl.").

       Upon review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(e), the complaint was found subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 5 ("October Order") at 12. Plaintiff was granted

leave to file an amended complaint. *Id*.[1]

Desinor duly filed an amended complaint, which must now be reviewed. Dkt. No. 6 ("Am. Compl.").

## II. DISCUSSION

In his original complaint, Desinor asserted claims against three employees of the Department of Corrections and Community Supervision ("DOCCS"), an Immigration and Deportation Officer assigned to Ulster C.F., and the State of New York.

As alleged, Desinor was interviewed by defendant Immigration and Deportation Officer Santiago on August 6, 2015. Compl. at 7. At the conclusion of that interview, Officer Santiago told plaintiff that he would not "put a hold on" plaintiff. *Id*. When plaintiff's name appeared on the call-out list to be interviewed by Santiago again the next day, he attempted to explain to defendant C.O. Vlacci that this was a mistake. *Id*. C.O. Vlacci told plaintiff that he was just the escort officer and that plaintiff would receive a disciplinary ticket if he refused to attend the call-out. *Id*.

Desinor complied and reported for the interview, whereupon Officer Santiago advised that he had seen plaintiff the previous day and did not need to speak with him. Compl. at 7. Prior to returning to his housing unit, plaintiff was placed in the small waiting room with several other inmates; plaintiff was seated near the door. Defendant C.O. Colon and two unidentified officers ordered the inmates to stop talking. *Id*. at 8. After approximately three minutes of silence the inmates started talking again. *Id*. The two unidentified officers "came in swinging;" plaintiff was punched in the left ear and suffered a serious injury. Plaintiff's

---

[1] Plaintiff was also granted leave to proceed with this action in forma pauperis. October Order at 11.

request for emergency sick call was denied by defendant C.O. Hutsick, who spoke to plaintiff in a racially offensive manner. *Id*.

Based upon the foregoing, Desinor claimed that Officer Santiago, C.O. Colon, C.O. Vlacci, and C.O. Hutsick engaged in conduct which violated his constitutional rights; the State of New York was also named as a defendant. Plaintiff sought an award of compensatory damages for the injuries he sustained to his left ear. Compl. at 10.

Upon review, Desinor's claims against the State of New York were dismissed as barred by the Eleventh Amendment; plaintiff's remaining claims were dismissed without prejudice for failure to state a claim. October Order at 7-10.

Desinor filed an amended complaint in response to the October Order, naming Officer Santiago, C.O. Hutsick, and the State of New York as defendants. Am. Compl. at 4.[2] Plaintiff alleges that Officer Santiago knew or should have known that his status as a U.S. citizen was not in question and states that had Officer Santiago not called him for an interview, the incident in the waiting room would never have happened. *Id*.[3] As against C.O. Hutsick, plaintiff claims that he acted in an "unprofessional manner" when he denied plaintiff's request for sick call, swearing at him and calling him a racially offensive name. *Id*. at 4-5. Plaintiff asks that he be issued a passport and awarded five million dollars from C.O. Hutsick.

Upon review, and with due regard for Desinor's status as a pro se litigant, plaintiff has

---

[2] Original defendants C.O. Vlacci and C.O. Colon are not named as defendants in the amended complaint. Plaintiff states that these officers were "doing their jobs" and did not engage in unconstitutional conduct. Am. Compl. at 4.

[3] Plaintiff further states that Officer Santiago told him that he was called for an interview because he does not have a U.S. passport. Am. Compl. at 4.

3

failed to cure the pleading deficiencies identified in the October Order. Even assuming that Officer Santiago lacked a proper basis for requesting an interview with plaintiff, there is no basis upon which it could be found that this conduct was constitutionally significant.[4]

Further, Desinor's allegations that C.O. Hutsick conducted himself in an unprofessional manner and spoke to plaintiff in an offensive manner, even if true, do not give rise to claims for the violation of his constitutional or statutory rights cognizable in this Section 1983 action. Verbal threats, name-calling, intimidation, and harassment alone, even when they pertain to race and religion, do not give rise to a First or Eighth Amendment claim. *See Cole v. Fischer*, 379 Fed. App'x 40, 43 (2d Cir. 2010) (summary order) (explaining that verbal harassments including racial epithets, derogatory comments about Muslims, and mocking plaintiff about wearing an adult diaper, absent physical injury, are not constitutional violations cognizable under Section 1983); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without appreciable injury did not violate inmate's constitutional rights).

Thus, while misconduct of any kind is not condoned, "verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Moncrieffe v. Witbeck,* No. 97-CV-253 (NAM/DRH), 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (quoting *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998)).

Finally, because Desinor's claims for money damages against the State of New York

---

[4] As discussed in the October Order, claims against Officer Santiago, identified as an "(ICE) Immigration Deportation Officer" and as such a federal employee, arise if at all under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *See* October Order at 6 n.4. The standards under which these claims are assessed are essentially the same as those applicable to Section 1983 claims. *Id*.

4

were dismissed on Eleventh Amendment immunity grounds, these claims are not properly asserted in the amended complaint. See October Order at 7.

Based upon the foregoing, the amended complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b).

### III. CONCLUSION

Therefore, it is

ORDERED that

1. This action is **DISMISSED with prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

2. The Clerk of the Court is directed to enter judgment accordingly; and

3. The Clerk of the Court is further directed to serve a copy of this Decision and Order on plaintiff by regular mail.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 17, 2015
      Utica, New York.